UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **MICHELLE AGRESTI**<br>    Plaintiff,<br><br>v.<br><br><br>**FEDERAL ASSETT SOLUTIONS**<br>    Defendant, | )<br>)<br>)<br>)<br>)    Civil Action No. 1:13-cv-10934<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.      INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Michelle Agresti, an individual consumer, against Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

1

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

### III.   PARTIES

4.  Plaintiff, <u>Michelle Agresti</u> is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in <u>Essex County</u>, in the state of <u>Massachusetts</u>.

5.  Defendant, <u>Federal Assett Solutions</u> is a collection agency and corporation engaged in the business of collecting debt in this state with its principal place of business located in <u>Cobb County</u> at <u>5323 Suffex Green LN, Atlanta, Georgia 30339</u>.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

8. Sometime before 2013, Plaintiff, Michelle Agresti, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Michelle.

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant then within one year prior to the filing of this complaint, began contacting Michelle and placing collection calls to Michelle prior to April 16, 2013; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Upon information and belief, within one year prior to the filing of this complaint, Defendant alerted Michelle's daughter to her alleged debt by proceeding to call for Michelle around mid-March of 2013, and telling her daughter that her mother had fifteen (15) minutes to call them back due to a debt or they would be coming to arrest her. Defendant intended for this false and misleading message given to Michelle's daughter to be relayed to Michelle, and it constitutes impermissible conduct with a third party who is unrelated to the alleged debt, without the consent of the alleged debtor under the FDCPA. The agent who Plaintiff's daughter spoke to identified herself as Ms. Jackson.

13.  Upon information and belief, within one year prior to the filing of this complaint, Defendant used misleading means to spoof Plaintiff's Caller I.D., causing 911 to be displayed on it so that Plaintiff would answer its call.  When she did, she was told by Defendant's representative, who identified themself as Deputy Watson, that the representative was from the federal crime unit, and that Plaintiff had thirty (30) minutes to settle the alleged debt, or the police would be at her door; which were misleading and false communications.

14.  Upon information and belief, within one year prior to the filing of this complaint, Defendant attempted to collect an alleged debt from Plaintiff, when it is not licensed to collect on debts in the state of Massachusetts.

## SUMMARY

15. All of the above-described collection communications made to Plaintiff Michelle Agresti by this individual Defendant and other collection employees employed by Defendant Federal Asset Solutions were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

16. The above-detailed conduct by this Defendant of harassing Michelle in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

17. As a result of the acts alleged above, Defendant caused Michelle to become very upset because of the illegal manner in which this debt was collected by this Defendant.

18. Michelle suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

19. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Michelle.

**RESPONDEAT SUPERIOR LIABILITY**

20. The acts or omissions of this individual Defendant, and the other debt collectors employed as agents by Defendant Federal Assett Solutions who communicated with Plaintiff Michelle Agresti as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Federal Asset Solutions.

21. The acts and omissions by this individual Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Federal Assett Solutions in collecting consumer debts.

22. By committing these acts and omissions against Michelle, this individual Defendant and these other debt collectors were motivated to benefit their principal, Defendant Federal Assett Solutions.

23. Defendant Federal Assett Solutions is therefore liable to Michelle through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Michelle.

## V. CAUSES OF ACTION

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

24. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of this Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

    (a) Defendant violated *§1692b(2)* of the FDCPA by telling an unrelated third party that Plaintiff owes an alleged debt without Plaintiff consent; and

    (b) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff and without the contact being in a manner covered by *§1692b* of the FDCPA; and

    (c) Defendant violated *§1692d* of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without

       limiting the foregoing[;] and

  (d) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered by the Defendant for the collection of the alleged debt; and

  (e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

  (f) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

  (g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

26. Defendant's acts as described above were done intentionally with the purpose of coercing Michelle to pay the alleged debt.

27. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff Michelle Agresti for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A),

and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI.     **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D.  Punitive damages.

E. For such other and further relief as the Court may deem just and proper.

Dated:  April 16, 2013

RESPECTFULLY SUBMITTED,
By: /s/ Kevin Crick
Kevin Crick
BBO:  680950
Consumer Rights Law Firm, PLLC
300 Brickstone Square, Suite 902
Andover, Massachusetts 01810
Phone: (978) 212-3300
Fax: (978) 409-1846
kevinc@consumerlawfirmcenter.com
**Attorney for Plaintiff**

**DEMAND FOR JURY TRIAL**

Please take notice that plaintiff Michelle Agresti demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.